Case 1:20-cv-01844-TWP-TAB Document 1 Filed 07/09/20 Page 1 of 15 PageID #: 1

**FILED**
4:39 pm, Jul 09, 2020
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

Derek Boyd,
Ronnie Butrum, Dawayne Dillard,

    Plaintiffs,

V.

**COMPLAINT**

CIVIL ACTION No. 1:20-cv-01844-TWP-TAB

Mrs. A Reaves, Warden, Heritage Trail Correctional Facility;

Wexford of Indiana L.L.C., medical provider;

GEO Corrections et.al.; IDOC Internal Affairs Ryan Patton;

Indiana Department of Corrections, Commissioner;

Sergeant Laye, Heritage Trail Correctional Facility;

Officer Lopez, Heritage Trail Correctional Facility;

each defendant is sued individually and in their official capacity,

    Defendants.

# I. JURISDICTION AND VENUE

1. This is a Civil Action authorized by USC Section 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States. The Court has Jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3). All Plaintiff seek declaratory relief pursuant to U.S.C Section 2201 and 2202. All Plaintiff claims for injunctive relief are authorized by 28 U.S.C Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Southern District of Indiana, Indianapolis Division, is an appropriate venue under 28 U.S.C Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

# II. PLAINTIFFS

3. Plaintiff, Derek Boyd, is and was at all times mentioned herein a prisoner of the State of Indiana, in the custody of Heritage Trail Correctional Facility, and is still confined in Heritage Trail Correctional Facility in Plainfield, Indiana, 727 Moon Road, 46168. The Physical address of this Facility is 501 West Main Street, Plainfield, IN 46168, and is where events described herein took place.

4. Plaintiff, Dawayne Dillard, is and was at all times mentioned herein a prisoner of the State of Indiana, in the custody of Heritage Trail Correctional Facility, and is still confined in Heritage Trail Correctional Facility located at 501 West Main Street Plainfield Indiana 46168.

5. Plaintiff, Ronnie Butrum, is and was at all times mentioned herein a prisoner of the State of Indiana, in the custody of Heritage Trail Correctional Facility, and is still confined in Heritage Trail Correctional Facility, 501 West Main Street, Plainfield Indiana, 46168

6. Other Plaintiffs, similarly situated, may be added as this proceeds in Court, as multiple other inmates have been subjected to the issues described herein.

## III. DEFENDANT'S

7. Heritage Trail Correctional Facility Warden, Mrs A. Reaves, is responsible for the overall operation of the Facility and legally responsible for the conditions of confinement the inmates are subject to.

8. GEO Corrections, is a business partner of the IDOC and the State of Indiana. They hired staff at the Heritage Trail Correctional Facility, making them liable for relief, and damages/injury, that have occurred due to the negligence of their staff. They use Wexford of Indiana LLC, defendants, medical provider.

9. Wexford of Indiana L.L.C., is and was at all times mentioned herein the Medical provider at Heritage Trail Correctional Facility located at 501 West Main Street, Plainfield, Indiana, 46168, and is responsible for the Health care of all inmates.

10. Indiana Department of Corrections, Commissioner, has the responsibility to inspect, regulate and oversee the operations and services and conditions of confinement in I.D.O.C, including the prisons operated by GEO Corporation or GEO Corrections, to make sure IDOC policies are being upheld.

11. Sergeant Laye, Defendant, is and was at all times mentioned in this Complaint a Sergeant at Heritage Trail Correctional Facility located at 501 West Main St., Plainfield Indiana, 46168. He and other Officers known and unknown at this time came to work knowing they were sick, causing a massive outbreak of COVID-19 as a direct result to the Offender population due to the acts of negligence. He has admitted to Plaintiff Dillard and Plaintiff Boyd he tested Positive for COVID-19.

12. Officer Lopez, Defendant, is and was at all times mentioned herein a Correctional Officer at Heritage Trail Correctional Facility located at 501 West Main Street, Plainfield Indiana 46168. It is unknown whether this individual is still employed or not. He is the first known staff positive of COVID-19.

13. IDOC Internal Affairs Ryan Patton, also at H.T.C.F, is also being named in this Complaint. He is harassing Plaintiff Boyd.

# III. FACTS

14. In Early April 2020, Staff members at Heritage Trail knowingly and intentionally came to work sick, failing to follow Social distancing of 6 feet as instructed by C.D.C, and caused a massive outbreak of COVID-19 from Officer Lopez and Sergeant Laye's careless actions.

15. On or about April 11, 2020, Sergeant Laye passed out everyones lunch sacks in Dorm 4, deliberately handling food when he knew he had been coughing and sick around 10 days, yet continued to come to work. This same day shortly after hand delivering everyones food, the Sergeant falls out from lack of oxygen in his blood, is rushed to medical. The staff there informed Plaintiff Sergeant Laye was not social distancing there either, leaning against the counter, coughing, and was told step back from the counter and finally placed into a facemask to stop spreading the Contagion COVID-19. He was Positive for COVID.

16. On April 17, 2020 Dawayne Dillard of Dorm 4 is sick and has medical check him out. The Wexford medical team tested Plaintiff Dillard on 4-18-20 for COVID, which did return Positive results on 4-20-20. Plaintiff did not know if he was going to survive at times, he fell very, very ill for multiple weeks. This Positive test, roughly a week or so after the Sergeant handled everyones food, then fell out the same day from COVID, should have mandated testing the entire dorm, 2 confirmed cases had came out of dorm 4. This was medical malpractice and neglect, conspiracy.

17. On April 24, 2020, Ronnie Butrum, Plaintiff, is also falling severely sick and has to be medically reviewed. He also tested Positive for COVID-19. Plaintiff Butrum was taken out of Dorm 4 on 4-24-20, tested Positive for COVID-19 on 4-27-20 and Wexford medical did not re-check inmates in dorm 4.

18. On April 22, 2020, after multiple inmates and at least 1 staff member, or Sergeant Laye, had tested Positive for COVID-19 in Dorm 4, Wexford of Indiana L.L.C, medical provider, comes to this dorm and medically reviews all remaining inmates and uses the COVID-19 Coronavirus Screening Tool. Question #2 is "Have you been exposed via close contact (within 6 feet) with a person known to have the COVID-19 virus?" Wexford Medical intentionally checked "No" on everyones paper covering up staff negligence. This medical provider and this Facility knew Sergeant Laye had COVID-19, and knew 2 inmates had just been removed from Dorm 4 with COVID-19, yet they purposely checked "No" to question #2, knowing a massive outbreak was happening due to the careless actions of Defendant Laye coming to work knowing he is sick with nasty coughing, and knowing his co-worker Defendant Lopez had been exposed to COVID-19 by his roommate. This is staff negligence. This is medical malpractice and doesnt provide inmates a proper standard of care. Sergeant Laye had been violently coughing for 7-10 days or so before falling out. He was down in dining hall coughing alot in early April 2020. He did confirm upon return to work, at end of April 2020, he did have COVID-19, he explained he was still fatigued easily. See Exhibit-A.

19. On 4-22-20, Plaintiff Derek Boyd informs Wexford medical he has had no taste and no smell for almost 2 weeks, he told the medical staff he was sick. He wasn't provided any treatment and was left quarantined in dorm 4. He filed a grievance 4-25-20 in grievance # 112841, to which medical informed Mrs. Lewis and Warden Mrs. A. Reaves Plaintiff had not reported being sick. Claiming "medical" informed them Plaintiff Boyd hadnt reported been sick, according to the facility grievance and appeal responses from these 2. This blatent lie was ongoing in grievance #'s 112841 and in 113047, which both were fully exhausted with appeal and then through Offender Grievance Process 00 02 301, this is in Compliance with the Prison Litigation Reform Act.

The fact this facility tried to cover this all up, claiming all the protocols were put in place, claiming risks relative to exposure are continually evaluated and reported daily, is gross negligence and is a Conspiracy for multiple staff members that put inmates lives at risk. Manipulating medical records, responses to grievances, and then locking down the entire camp in dorms Social distancing is not possible, Knowing Sergeant Laye had just contaminated the entire dorms, is not a reasonable standard of care. This caused a mass infection this facility covered up by not testing inmates. This now appears only 30 or so inmates tested positive for COVID-19 when 75% of the 850 inmates were sick. Plaintiff Boyd had to beg and demand to be tested after weeks of being neglected medical treatment. Wexford medical said if inmates complained of being sick they assumed it was COVID, and quarantined the inmate in Dorm 11 with 30 or so Positive inmates. See Exhibit-B

20. This Facility hindered inmates ability to seek medical treatment also by not offering a private way to request medical care. Inmates were instructed to give request slips for medical to your case manager, who is here one day a week, or requests that are placed in the mail bags will take longer to respond to. A sign was posted on wall instructing to hand medical requests to staff. Either one of these violates H.I.P.A.A Law. It was grieved as Grievance #113121, it was Appealed, and then sent to final reviewing authority in grievance process 00 02 301. 4 Grievances involving conditions of confinement were fully exhausted. Many inmates were sick and not comfortable handing medical slips to Facility staff. If this handing slips to medical staff was what this facility wanted inmates to do, the staff should not have indicated hand the requests to case manager or mailbag. See Exhibit-C. Plaintiff Boyd did send medical request via mailbag, violating HIPAA act.

21. Internal Affairs Ryan Patton started harassing Plaintiff Boyd after a non-related P.R.E.A complaint on staff at this facility. On 6-19-20, Ryan Patton illegally searched medical documents and all legal documents out of Boyds presence. He confinscated a document provided to Plaintiff Boyd by Mental Health therapist, claiming she did not have a right to print off his email and provide Plaintiff Boyd with the I.A Officer disclosing to this therapist Plaintiff had been previously sexually abused. This Mental health provider deemed it appropriate to supply Plaintiff with this record, yet this allowed Ryan Patton to Violate H.I.P.AA Act multiple times going through medical documents. He also claims we cant have each others legal documents despite filing a lawsuit together.

# IV. EXHAUSTION OF LEGAL REMEDIES

22. The Grievance procedure was utilized by Plaintiff Boyd in Grievance #'s 112841, 113047, 113513, 113121 and no administrative remedies could be found concerning the 4 complaints. Other Grievances concerning operations of facility were also grieved.

23. The Appeal process of the Grievance procedure was exhausted in all 4 grievance #'s 112841, 113047, 113513 and 113121. No administrative remedy could be found for staff bringing in the deadly contaigon, putting all 3 Plaintiff at serious risk of death, and hundreds of other short term offenders.

24. All 4 Grievances were sent to Final Reviewing Authority Per Offender Grievance Process 00 02 301. No resolution could be found due to Wexford medical and this Facility manipulating the responses. This all violated the 8th Amendment

25. Pursuant to the Prison Litigation Reform Act, all available administrative remedies are hereby exhausted due to the denial of wrongdoing by all defendants. It is now being filed in this Federal Complaint to recover some of the loss, damages and injuries all Plaintiff suffered as a result of the defendants well planned out and deliberate actions. The negligence and gross negligence of the involved parties can only be resolved in a lawsuit, to be granted declaratory relief and permanent injunctions prohibiting careless acts like mentioned in Complaint and the Conspiracy of denying inmates a proper standard of care.

# V. LEGAL CLAIMS

26. Heritage Trail Correctional Facility did not provide safe and humane conditions during the timeframe detailed in Complaint. The Plaintiff all 3 were denied the right to decent conditions and proper sanitation that put the lives of the Plaintiff at risk, Knowing their staff officer Laye had tested Positive for COVID right after delivering the dorm 4 sack lunches by hand. This exposed inmates to serious harm. Farmer v. Brennan, 501 US 825 (1994); Wilson v. Seiter, 501 U.S 294 (1991). This Facility knew a staff member very likely infected inmates in dorm 4, it was very likely the dorm needed properly sanitized, yet they failed to respond reasonably to protect Plaintiffs health, covering up the staff negligence, even after its brought to their attention in Grievance's. All 3 Plaintiff contracted Coronavirus/COVID-19 after exposure to Sergeant Laye in April 2020. Violating 8th Amendment.

27. Wexford of Indiana L.L.C, Knew this staff member fell out at work and treated/tested Sergeant Laye in mid April 2020. This confirms the defendants deprived inmates of this firsthand information to quickly trace all inmates exposed to Officer Laye the day he required medical attention from COVID-19 illness. This deliberate Conspiracy by the Facility and medical provider injured all 3 Plaintiff, putting their lives at risk for not responding in a reasonable manner to the Facility staff's negligence of coming to work Knowing they are sick for over a week. Estelle, 429 US at 104; Gutierrez v. Peters, 111 F. 3d 1364, 1369 (7th Cir. 1997). This was deliberate indifference and not a proper standard of care.

28. Sergeant Laye Knowingly and intentionally came to work sick for over a week. His coughing and hacking in dining hall on April 4th, 5th, 6th of 2020 will verify he Knew he was showing symptoms of COVID-19, yet continued to come around inmates and staff in conditions impossible to Social distance in. This caused serious conditions, very harsh and extreme, deliberately putting inmates lives at risk. Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The Facility did not deep clean dorm 4 until 4-28-20 after Grievances started being written. The fact is this Facility covered this inhumane treatment up, failed to properly test inmates in these dorms to Keep COVID-19 confirmed Positive case #'s down. This caused severe mental anguish, it caused anxiety and uncalled for pain and suffering, not Knowing if the Plaintiff's would ever see their children again, due to the careless actions and Conspiracy these defendants engaged in. Violating 8th Amendment.

29. Due to Plaintiff Boyd informing medical staff on 4-22-20 of being sick and being denied medical care for 2 week's, it prevented treatment and caused Plaintiff emotional distress and extreme mental anguish and pain and suffering, wondering why everyone else was given medical treatment, but he informed Wexford medical he was sick and was deprived of doctors treatment. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), Violating the 8th Amendment, risking his life.

30. Internal Affairs Ryan Patton, Violated H.I.P.A.A Law by going through Plaintiff Boyds medical documents, out of Boyds presence, and stealing Mental Health paperwork provided to Boyd without concent. This Officer went through every single legal document, medical document,

mental health document, on 6-19-20. He came to Plaintiff Boyds R.W.I class, pulled the inmate out of the class, then detained Plaintiff Boyd in hallway as he searched the entire file containing all the mentioned documents in front of the entire class. This humiliated and embarrased the Plaintiff. The P.R.E.A Coordinater Mrs. Ploeger had instructed Plaintiff Boyd to come one day a week for 90 days. To report if staff is harassing or mistreating him since reporting PREA on staff. On this date, 6-19-20, she was informed of Ryan Patton sending bias, opinionated email to Mental Health, disclosing Plaintiff had been sexually assaulted. This Mental health provider deemed it appropriate to release the medical information, and Mrs. Ploeger immediately calls the I.A. official, instructing him of the confidential report to her he is harassing Plaintiff.? This facility is denying a outside source from investigating the staff harassment, while this I.A. Official Violates H.I.P.A.A Law. Violating the 8th Amendment.

31. Wexford medical intentionally checked "No" on the COVID-19 Screening tool on 4-22-20, Knowing Dawayne Dillard had just tested as positive two days earlier in the dorm. This is Conspiracy, and improper medical care, and negligence, and medical malpractice. Violating 8th Amendment.

32. The Plaintiff have no plain, adequate, or complete remedy at law to redress the wrongs described herein. These 3 Plaintiff have been, and will continue to be, irreparably injured by the conduct of the defendants unless the Court grants the declaratory and injunctive relief requested, and all other relief just and proper in the premises.

# VI. PRAYER FOR RELIEF

WHEREFORE, all Plaintiff respectfully pray that this Court enter judgement:

33. Granting the 3 Plaintiff a declaration that the acts and omissions described herein violate their Rights under the laws and Constitution of the United States and the Constitution and laws of this State.

34. A preliminary and permanent injunction ordering all defendants to start providing proper medical care in the future and a proper standard of care. This Conspiracy needs addressed, order the medical malpractice halted that put Plaintiffs life at risk, due to careless actions and gross negligence of the staff and defendants in the Complaint. File Federal charges on the staff responsible for this mass infection and cover up Conspiracy that could have killed inmates.

35. Granting Plaintiff, Dawayne Dillard, compensatory damages in the amount of $500,000.00, for mental anguish, emotional distress, pain and suffering, medical malpractice and a improper standard of care.

Granting Plaintiff, Ronnie Butrum, $500,000.00 in Compensatory damages for severe mental anguish, emotional distress, undue hardships, pain and suffering, medical malpractice and a improper standard of care.

Granting Plaintiff, Derek Boyd, $649,999.99 in Compensatory damages for Violating H.I.P.A.A Law, emotional distress, mental anguish, medical malpractice, general and emotional damages, improper standard of care.

36. All 3 Plaintiff seek Punitive damages in the Amount of $50,000.00 each, or $150,000.00 total.

37. The 3 Plaintiff all seek a Jury Trial on all issue's triable by Jury.

38. These Plaintiff seek recovery of all costs that are associated with this suit.

39. Any additional relief this Court deems just proper and equitable.

Dated: 5-13-2020

Respectfully Submitted,

Derek Lee Boyd      Ronnie Butrum        (signature)
Derek Lee Boyd      Ronnie Butrum        DaWayne Dillard
273507              #926571              #279409
501 West Main Street
Plainfield, Indiana 46168

# VERIFICATION

I have read the foregoing Complaint, and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of Perjury that the foregoing is true and correct.

Executed at Heritage Trail Correctional Facility in Plainfield, Indiana.

Ronnie Butrum    Derek Lee Boyd    DaWayne Dillard
Ronnie But—      Derek L. Boyd     (signature)