## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| DEREK BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-01844-TWP-TAB |
| ) | |
| A. REAVES, Warden, Heritage Trail Correctional ) | |
| Facility, WEXFORD HEALTH SOURCES, INC., ) | |
| LAYE, Sergeant, Heritage Trail Correctional ) | |
| Facility, LOPEZ, Officer, Heritage Trail ) | |
| Correctional Facility, each defendant is sued ) | |
| individually and in their official capacity, JULIA ) | |
| L. MONK, ROBERT E. CARTER, ) | |
| Commissioner, DARLA E. MARTENS, and ) | |
| FERREE, Nurse, ) | |
| ) | |
| Defendants. ) | |

### ENTRY SCREENING SECOND AMENDED COMPLAINT
### AND DIRECTING FURTHER PROCEEDINGS

Plaintiff Derek Boyd ("Mr. Boyd") is incarcerated at the Plainfield Correctional Facility. In this civil rights action, Mr. Boyd is pursuing Eighth Amendment claims for damages based on his exposure to and treatment for COVID-19 in 2020 at Heritage Trail Correctional Facility ("HTCF"). In this Entry, the Court grants Mr. Boyd's Motion to Amend Complaint (Dkt. 105), screens the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, and issues orders for serving the new Defendants and completing discovery.

### I. MOTION TO AMEND COMPLAINT

Mr. Boyd filed his motion to amend by the operative deadline. (*See* Dkt. 77 at 3 (setting October 4, 2021 deadline to amend pleadings).) Moreover, the Defendants have not objected to

his request to file a second amended complaint.[1]  Accordingly, Mr. Boyd's Motion To Amend, (Dkt. 105), is **granted**.  The **Clerk is directed** to docket the proposed amended complaint, (Dkt. 105-1), as the Second Amended Complaint.  Mr. Boyd's earlier Motion For Leave To File An Amended Complaint, (Dkt. 94), is **denied as moot**.

## II.  SCREENING

Because Mr. Boyd is a prisoner, the Court must screen his Second Amended Complaint. 28 U.S.C. § 1915A(a).

**A.     Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the Second Amended Complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the Second Amended Complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Mr. Boyd's *pro se* pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

---

[1] The Defendants opposed an earlier Motion for Leave to Amend, (*see* Dkts. 94, 100, 101), but their objections were specific to that proposed amended complaint. Therefore, the Court treats Mr. Boyd's subsequent motion to amend, (Dkt. 105), as unopposed.

**B.      The Second Amended Complaint**

Mr. Boyd seeks damages and declaratory and injunctive relief against eleven defendants. The allegations underlying those claims may be summarized as follows. In early April 2020, COVID-19 began to spread among staff members at HTCF. Conditions in Mr. Boyd's housing unit did not allow inmates to socially distance or practice hygiene or sanitation to prevent spread of the virus. Additionally, the Indiana Department of Correction ("IDOC") did not obtain adequate tests or supplies.

During this time, Officer Lopes contracted the virus but continued coming to work. Officer Lopes exposed Sergeant Laye, who also continued coming to work despite displaying symptoms.

By April 12, 2020, Mr. Boyd's housing unit was locked down, and inmates received all meals in their cells. That day, Sergeant Laye delivered lunches to Mr. Boyd's unit, then became extremely sick and went to the medical department. (Dkt. 105-1 at 3.) Nurse Todd Osterbur examined Sergeant Laye, determined he had COVID-19, and sent him to the hospital by ambulance. However, Nurse Osterbur did not take any steps to identify or protect others whom Sergeant Laye exposed. *Id.* at 4.

Over the next week, four inmates from Mr. Boyd's dorm tested positive for the virus and were quarantined. Nothing was done to sanitize the dorm or test other inmates.

On April 22, 2020, Nurses Ferree, Martens, and Monk took all inmates' temperatures and administered COVID-19 screening questionnaires. However, they intentionally—and incorrectly—marked that none of the inmates had been in close contact to a person known to have the virus. *Id*. at 7.

That day, Mr. Boyd told the nurses he was ill, but they did not treat his symptoms, test him, or quarantine him. *Id.* at 8. Mr. Boyd submitted a grievance concerning COVID-19 protocols on April 24, 2020, and received an unsatisfactory response on April 27, 2020. The staff did a "deep cleaning" in the dorm on April 28, 2020. During that time, inmates were confined in a small space where they could not distance from one another, and they were deprived of shelter, water, and bathrooms for several hours.

Mr. Boyd finally received a COVID-19 test on May 5, 2020, and he tested positive. He was taken to quarantine, where his temperature was taken regularly and he received Tylenol twice a day. He did not receive any other treatment, and the staff failed to employ basic protocols to keep the unit clean. He eventually recovered.

Grievance Specialist Selina Lewis sent an email to Wexford of Indiana, the prison's medical service provider, on May 1, 2020, describing a "mass outbreak" in Mr. Boyd's dorm. Otherwise, she failed to investigate or take further action. Ike Randolph was the final reviewing authority in the grievance process, and he did not meaningfully investigate Mr. Boyd's grievances.

**C.      Discussion of Claims**

Nearly a year ago, on December 14, 2020, the Court screened the Amended Complaint and this action is already proceeding with Eighth Amendment claims under 42 U.S.C. § 1983 against eight defendants: IDOC Commissioner Robert Carter; HTCF Warden Angela Reaves; Sergeant Laye; Officer Lopes; Wexford; and Nurses Monk, Martens, and Ferree. (Dkt. 24 at 5.) Those claims will **continue to proceed**.

In the Second Amended Complaint, Mr. Boyd alleges that Nurse Todd Osterbur ("Nurse Osterbur") failed to mandate Covid-19 tests on Sergeant Laye after he contracted COVID-19, and did not medically investigate how many other plaintiffs Sergeant Laye had exposed to his illness.

4

(Dkt. 105 at 3.)  These allegations are sufficient to state a claim against Nurse Osterbur and survive screening.  Accordingly, the action **will also proceed** with an Eighth Amendment claim against Nurse Osterbur.

Mr. Boyd attempts to add claims against Grievance Specialists, Selina Lewis ("Ms. Lewis") and Ike Randolph ("Mr. Randolph"), but he does not allege that they were responsible for conditions or COVID-19 protocols, or for his medical treatment.  Rather, they reviewed his grievances and sent back responses he found unsatisfactory or untimely.  It is well-settled that denying an inmate's grievance or refusing to investigate an incident after the fact does not, by itself, amount to a constitutional violation.  *See e.g.*, *McGee v. Adams*, 721 F.3d 474, 485 (7th Cir. 2013) ("McGee's claims against . . . the individuals who ruled against McGee on the institutional grievances he filed . . . fail as a matter of law . . . ."); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

No allegations in the Second Amended Complaint indicate that Ms. Lewis or Mr. Randolph knew Mr. Boyd was living in unsafe conditions or being deprived of medical care but failed to take action.  No allegations indicate that these defendants were personally responsible for or involved in any violation of Mr. Boyd's constitutional rights.  Accordingly, the claims against Ms. Lewis or Mr. Randolph are **dismissed for failure to state a claim** upon which relief may be granted.

Mr. Boyd also claims that the defendants violated his rights under the Health Insurance Portability and Accountability Act (HIPAA) by requiring inmates to submit medical requests in a

public mailbag. "HIPAA prohibits the disclosure of medical records without the patient's consent." *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019). Even so, "HIPAA confers no private right of action." *Id.* "Congress left enforcement for violations to the Department of Health and Human Services, not to private plaintiffs." *Id*. Therefore, any claim under HIPAA is **dismissed for failure to state a claim** upon which relief may be granted.

Mr. Boyd asserts First Amendment retaliation claims against Warden Reaves and Ms. Lewis for "harassment after notifying the Facility of staff voyeurism, and preparing lawsuit, and grievances." (Dkt. 105-1 at 23.) He adds that these defendants placed him on:

> a Grievance Restriction in the middle of a [Prison Rape Elimination Act] investigation as her "Lead investigator" Ryan Patton engages in Retaliatory animus following on the close heels of protected expression's, preventing freedom of speech, right to petition the Government for a redress of Grievance's, by attempting to force non-compliance with Prison Litigation Reform Act.

*Id.* (errors in original).

A retaliation claim requires three showings by the plaintiff. "First, he must show he engaged in protected First Amendment activity. Second, he must show an adverse action was taken against him. Third, he must show his protected conduct was at least a motivating factor of the adverse action." *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020). Mr. Boyd has not provided enough information for the Court to reasonably infer that the defendants implemented or declined to repair unsafe or unhealthy prison conditions because of his report of voyeurism or related grievances. He certainly has not provided enough information for the Court to infer that Warden Reaves' or Ms. Lewis' handling of COVID-19 at HTCF is an extension of whatever actions they took in response to his PREA complaint. His First Amendment claims are therefore **denied for failure to state a claim** upon which relief may be granted.

Finally, Mr. Boyd alleges that the defendants violated his Fourteenth Amendment right to equal protection of the laws. But an equal protection claim must be based on allegations that the

6

plaintiff has been "treated differently from a similarly situated person." *Alston v. City of Madison*, 853 F.3d 901, 906 (7th Cir. 2017). Mr. Boyd asserts no such allegations, and his Fourteenth Amendment claim is therefore **dismissed for failure to state a claim** upon which relief may be granted.

### III.  CONCLUSION AND FURTHER PROCEEDINGS

Mr. Boyd's Motion to Amend Complaint, (Dkt. [105]), is **GRANTED**. The **Clerk is directed** to docket the proposed amended complaint, (Dkt. [105-1]), as the Second Amended Complaint. Mr. Boyd's earlier Motion for Leave to Amend Complaint, (Dkt. [94]), is **DENIED as moot**.

The action **will proceed** with the Eighth Amendment claims discussed in Part III (C) above. All other claims are **dismissed for failure to state a claim** upon which relief may be granted.

The claims discussed in Part III (C) are the only claims the Court identified in the Second Amended Complaint. If Mr. Boyd believes he asserted additional claims that the Court failed to address, he must notify the Court by **no later than Monday, December 20, 2021**.

The **Clerk is directed to add** Nurse Todd Osterbur as a defendant on the docket. Additionally, the **Clerk is directed** to change the name of Officer Lopez on the docket to Officer "Lopes."

The **Clerk is directed,** pursuant to Federal Rule of Civil Procedure 4(c)(3), to issue process to Defendant Osterbur in the manner specified by Rule 4(d). Process will consist of the Second Amended Complaint (Dkt. 105-1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The **Clerk is also directed** to issue a copy of this Entry and the Second Amended Complaint, (Dkt. 105-1), to Defendant Lopes at the address appearing under seal at Dkt. 116-2.

Each defendant will **Answer** the Second Amended Complaint in the time required by Federal Rule of Civil Procedure 12(a)(1)(A).

The pretrial schedule at Dkt. 77 remains in effect with the following exceptions:

- Defendant Osterbur will complete Parts I(A) through I(E) of the schedule by **no later than Monday, February 28, 2022**.

- All parties will complete discovery, Part I(F), by **no later than Monday, March 28, 2022**.

- Any party who wishes to file a dispositive motion, Part I(G), will do so by **no later than Thursday, April 28, 2022**.

**SO ORDERED.**

Date: 12/7/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Derek Boyd, #273507
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Eric Antonio Pagnamenta
INDIANA ATTORNEY GENERAL
eric.pagnamenta@atg.in.gov

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
molly.mccann@atg.in.gov

Officer Lopes
(Address at Dkt. 116-2.)

Todd Osterbur
c/o Medical Staff
HERITAGE TRAIL CORRECTIONAL FACILITY
501 West Main Street
Plainfield, Indiana  46168