UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01844-TWP-TAB |
| | ) | |
| A. REAVES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY DENYING MOTIONS FOR JUDGMENT ON THE PLEADINGS,
DENYING MOTIONS TO APPOINT COUNSEL,
DENYING MOTIONS TO CERTIFY CLASS ACTION,
AND WARNING PLAINTIFF ABOUT FILING REPETITIOUS MOTIONS**

This matter is before the Court on several motions filed by Plaintiff Derek Boyd. This civil rights action is based on Derek Boyd's allegations that the defendants violated his Eighth Amendment rights by failing to protect him from and treat him for COVID-19 at Heritage Trail Correctional Facility in 2020. Between January 12 and 20, 2022, Mr. Boyd filed two motions for judgment on the pleadings (Dkts. 150 and 154), one Motion to recruit counsel (Dkt. 155), four motions to certify a class action, and allow other plaintiffs to join this action, ( Dkts. 151, 156, 157, and 158). In this entry, the Court rules on these motions and clarifies its expectations for the remainder of the action.

**I. Judgment on the Pleadings**

"Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *United Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A Court deciding a motion for judgment on the pleadings may consider only "the matters presented in the pleadings"—and must consider them in the light most favorable to the nonmovant. *Id.*

The pleadings "consist of the complaint, the answer, and any instruments attached as exhibits." *Housing Authority Risk Retention Group v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004). "Where the plaintiff moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position.'" *Id.* (quoting *All American Ins. v. Broeren Russo Const.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)). *See also Redex, Inc. v. Atlanta Film Converting Co.*, No. 87 C 3508, 1988 WL 9075, at *1 (N.D. Ill. Feb. 2, 1988) ("[W]hen a plaintiff moves for judgment on the pleadings, we rely only on the facts alleged in the complaint and admitted in defendant's answer.").

The factual allegations underlying Mr. Boyd's claims are extensive and complex: certain officers came to work with COVID symptoms; others delivered his meals while sick; nurses intentionally denied that inmates had been in close contact with people known to have the virus; and more. *See* dkt. 128 (entry summarizing and screening second amended complaint). The defendants have not admitted these allegations in their answers, *see* dkts. 130, 133, 136, and Mr. Boyd does not contend as much in his motions.

Instead, Mr. Boyd argues that the defendants have failed to "set[] up any type of Defense that's sufficient to dispute a genuine need for Trial." Dkt. 154 at 1. He attempts to prove his claims with hundreds of pages of documents outside the pleadings. He will have that opportunity—but he must first let the defendants complete discovery, which does not close for over two months. Mr. Boyd's motions for judgment on the pleadings, dkts. [150] and [154], are **denied**.

## II. Appointment of Counsel and Class Certification

On November 17, 2021, the Court denied Mr. Boyd's most recent motion to appoint counsel. Dkt. 120. That was the fourth time in this action that the Court denied such a motion.

*See* dkts. 13, 20, 45. The Court has repeatedly found that Mr. Boyd is competent to litigate this case independently.

On January 10, 2022, the Court denied Mr. Boyd's motion to certify a class action. Dkt. 147. The Court found that Mr. Boyd, as a prisoner proceeding pro se, and now from a new correctional facility, was unable to adequately represent a class of plaintiffs—if such a class even exists. *Id.* Mr. Boyd's motion did not verify that other inmates were injured by the actions underlying his claims, much less that they wished to vindicate their injuries through a lawsuit.

Since then, Mr. Boyd has filed five more motions asking the Court to appoint counsel, certify a class action, and allow other plaintiffs to join this action. Dkts. [151], [155], [156], [157], [158]. These motions are **denied**. Mr. Boyd's latest motions again state that his entire housing unit was subjected to the same conditions he experienced, but he does not indicate that any—much less enough to warrant a class action—actually became ill or suffered an injury that can be cured through this lawsuit. He does not indicate that any other inmates from his housing unit wish to join this lawsuit. And, because this will continue as a single-plaintiff action, there is no reason to reconsider the Court's finding that Mr. Boyd can litigate this action pro se. His numerous, voluminous, thorough filings demonstrate that he is at least as capable as most other prisoners to proceed without counsel.

### III. Repetitious Motions

"District judges have the inherent authority to impose sanctions—including dismissal—when a litigant engages in conduct that abuses the judicial process." *White v. Williams*, No. 10-2400, 423 F. App'x 645, 646 (7th Cir. June 7, 2011). "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way

3

that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184 (1989); *see also United States ex rel. Verdone v. Circuit Court for Taylor County,* 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders.").

The docket in this action shows an abusive, unsustainable pattern: filing multiple motions on the same issue at the same time, filing a second motion on an issue before the first is resolved, and filing repeated motions on issues the Court has already decided. Mr. Boyd is currently pursuing *eleven* civil rights cases in this Court. He is entitled to litigate his claims earnestly and receive the same attention and thoroughness the Court would afford any other party. He is not entitled to monopolize the Court's resources by repeatedly filing the same materials or raising the same issues. He also is not entitled to repeatedly present the same issues in search of a favorable ruling.

Moving forward, the Court will summarily deny any motion that seeks relief on an issue already raised in another motion that is still pending. Likewise, the Court will summarily deny any motion seeking relief that has already been denied in another ruling.

Mr. Boyd will file good faith motions, await the Court's response, accept the result, and move forward to the next matter. If he cannot abide by these expectations, the Court will consider appropriate sanctions, including dismissal of the action and filing restrictions.

## IV. Conclusion

Mr. Boyd's motions for judgment on the pleadings, dkts. [150] and [154], are **denied**. His motions asking the Court to appoint counsel, certify a class action, and allow other plaintiffs to join this action, dkts. [151], [155], [156], [157], and [158], are **denied**.

**IT IS SO ORDERED.**

Date: 1/24/2022

*[signature]*

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DEREK BOYD
273507
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Molly Michelle McCann
INDIANA ATTORNEY GENERAL
molly.mccann@atg.in.gov

Eric Antonio Pagnamenta
INDIANA ATTORNEY GENERAL
eric.pagnamenta@atg.in.gov