## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEREK BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-01844-TWP-TAB |
| | ) | |
| LOPES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER VACATING ENTRY OF DEFAULT, RECONSIDERING SCREENING OF SECOND AMENDED COMPLAINT, AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE

This matter is before the Court on Plaintiff Derek Boyd's ("Mr. Boyd") Motion for Default Judgment on Defendant Lopes ("Officer Lopes"). (Dkt. 244.) This action is based on Mr. Boyd's allegations that medical and jail staff failed to mitigate COVID-19 at Heritage Trail Correctional Facility in March and April of 2020. The Court recently granted summary judgment on behalf of all defendants, (Dkt. 242), leaving only Officer Lopes in the action. The Clerk entered default against Officer Lopes in April 2022 after he failed to answer or otherwise respond to the Second Amended Complaint. (Dkt. 207.) In this Order, the Court denies Mr. Boyd's motion for default, vacates the entry of default against Officer Lopes, reconsiders its entry screening the Second Amended Complaint, dismisses claims against Officer Lopes, and directs Mr. Boyd to show cause why the Court should not dismiss this action with prejudice and enter final judgment.

## I. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 sets out a two-step process for resolving claims against defendants who, like Officer Lopes, fail to answer pleadings or participate in the action. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "The basic effect of an entry of default (step one) is that 'upon default, the well-pleaded allegations of a complaint relating to liability are taken as true.'" *VLM Food Trading v. Illinois Trading*, 811 F.3d 247, 255 (7th Cir. 2016) (cleaned up) (quoting *Dundee Cement v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).  "At the same time, however, the entry of default 'does not of itself determine rights.'"  *Id.* (quoting *United States v. Borchardt*, 470 F.2d 257, 260 (7th Cir.1972)).

Where, as here, the relief sought against the defaulting party is not the recovery of a sum certain, the second step occurs when the plaintiff "appl[ies] to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).  "When a court enters a default judgment as to liability, it must accept as true all factual allegations in the complaint, except those regarding the amount of damages."  *Arwa Chiropractic v. Med-Care Diabetic & Med. Supplies*, 961 F.3d 942, 948 (7th Cir. 2020).  The court then must hear evidence to determine the relief to which the plaintiff is entitled.  Fed. R. Civ. P. 55(b)(2).

The entry of default against Officer Lopes is problematic because, accepting all the allegations in the Second Amended Complaint as true, no reasonable trier of fact could find him liable for a violation of Mr. Boyd's Eighth Amendment rights.  The Second Amended Complaint pleads only three allegations against Officer Lopes, which the Court reproduces here in their entirety:

- "Officer [Lopes], was rumored to have caught Covid-19 from his roommate, bringing the deadly contagion to work in early April 2020, causing the massive outbreak at Heritage Trails." Dkt. 132 at ¶ 5.

- "In early April of 2020, multiple staff members at Heritage Trail Correctional Facility arrived positive for COVID-19 at the Facility on-the-job. The Facility administration did not test inmates that were exposed to the deadly contagion

by the staff. The first known case was from Officer Lopes in the early April timeframe. A roommate gave it to him." *Id.* at ¶ 16.

- "Sergeant Laye continued coming to work knowing he had been exposed to COVID by [Lopes]. He had been coughing and sick since at least the first week of April 2020. Video from dining hall April 4th, 5th, 6th, 7th can verify violent hacking after Lopes had been confirmed positive." *Id.* at ¶ 17.

These allegations, if true, do not establish that Officer Lopes violated Mr. Boyd's Eighth Amendment rights. A prison official can violate the Eighth Amendment through deliberate indifference to an "excessive risk to inmate health or safety." *Estate of Miller ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012) (cleaned up). "As its name implies, deliberate indifference requires 'more than negligence and approaches intentional wrongdoing.'" *Goodloe v. Sood*, 947 F.3d 1026, 1030 (7th Cir. 2020) (quoting *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). "[T]he evidence must show that the prison official . . . knew or was aware of—but then disregarded—a substantial risk of harm to an inmate's health." *Id.*

The Second Amended Complaint alleges that Officer Lopes came to work with COVID-19. It does not allege that he came to work *knowing* that he had COVID-19, that he was sick, that what he was sick with could present a substantial risk of harm to Mr. Boyd or any other prisoner, or that he had an excessive risk of transmitting his illness. Moreover, Mr. Boyd presented no admissible evidence at summary judgment that would support a finding of deliberate indifference by Officer Lopes.

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The Court has authority to set aside an entry of default *sua sponte*. *Judson Atkinson Candies v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008). Whether to set aside an entry of default is a matter of discretion for the district court. *Arwa Chiropractic*, 961 F.3d at 949.

The Court therefore **vacates** the Clerk's entry of default against Officer Lopes, (Dkt. 207), and **denies** Mr. Boyd's motion for default judgment, (Dkt. 244). The effect of the entry of default in this case is not to establish liability against Officer Lopes. Rather, it is to assume that the three allegations are true—three allegations that do not establish a violation of any right. To establish liability and recover damages against Officer Lopes, Mr. Boyd would still have to prove his case. Because the entry of default has no value, there is good cause to set it aside under Rule 55(c).

## II.   SCREENING OF SECOND AMENDED COMPLAINT

Because Mr. Boyd is incarcerated, the Court was required to screen his Second Amended Complaint pursuant to 28 U.S.C. § 1915A. At screening, the court must dismiss a complaint, or any portion of a complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* pleadings liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

At screening, the Court found plausible Eighth Amendment claims against Officer Lopes. (Dkt. 128 at 4.) As discussed above, though, such a claim is not viable. Accepting the allegations in the Second Amended Complaint as true, Officer Lopes came to work with COVID-19. But no

allegations support an inference that he did so knowingly or that he otherwise acted with deliberate indifference to Mr. Boyd's safety.

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). All that remains in this action is an Eighth Amendment claim against Officer Lopes, and it is transparently defective. The Court therefore reconsiders its screening of the Second Amended Complaint *sua sponte*. Claims against Officer Lopes are **dismissed** for **failure to state a claim** upon which relief may be granted.

### III.   CONCLUSION

For the reasons stated above, the Court **VACATES** the Clerk's entry of default against Officer Lopes, Dkt. [207], and **DENIES** Mr. Boyd's motion for default judgment, Dkt. [244]. The Court also reconsiders its screening of the Second Amended Complaint *sua sponte*. Claims against Officer Lopes are **DISMISSED** for **failure to state a claim** upon which relief may be granted. Mr. Boyd will have **through Wednesday, December 28, 2022**, to **show cause** why the Court should not dismiss this action with prejudice and enter final judgment. If he fails to do so in the time provided, the Court will dismiss the action without further warning or opportunity to show cause.

**SO ORDERED.**

Date: 11/23/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

DEREK BOYD, #273507
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only